NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISAAC CRAGHTTEN, | No. 25-2117 |
| Plaintiff - Appellant, | D.C. No. 1:24-cv-00409-DKG |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES BUREAU OF ALCOHOL TOBACCO FIREARMS & EXPLOSIVES, (AFT); FEDERAL BUREAU OF INVESTIGATION, (FBI), | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Debora K. Grasham, Magistrate Judge, Presiding

Submitted May 29, 2026[**]

Before: LEE, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Isaac Craghtten—a Canadian-born American Indian and a lawful permanent

resident of the United States—tried to acquire a firearm at a gun store in Idaho. But

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

he was unable to do so because he lacks an alien registration or admission number required of non-citizens to complete the federal Firearm Transaction Record Form 4473. He then sued the government, claiming violations of the Second Amendment, Article III of the Jay Treaty (as codified by 8 U.S.C. § 1359 and 8 C.F.R. § 289), and 18 U.S.C. § 922(d). The district court granted the government's motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We "review de novo a district court's order granting a motion to dismiss." *Regino v. Staley*, 133 F.4th 951, 959 (9th Cir. 2025).

1. <u>The Second Amendment.</u> Form 4473's alien-number requirement for non-citizens comports with the Second Amendment. The Second Amendment guarantees that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. "Like most rights," however, "the right secured by the Second Amendment is not unlimited." *United States v. Rahimi*, 602 U.S. 680, 690 (2024) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). We have explained that "the plain text of the Second Amendment only prohibits meaningful constraints on the right to acquire firearms." *B & L Prods., Inc. v. Newsom*, 104 F.4th 108, 118 (9th Cir. 2024). Thus, "in assessing whether particular laws imposing conditions and qualifications on the commercial sale of arms implicate" the Second Amendment right, we analyze "whether a challenged regulation meaningfully impairs an individual's ability to access firearms." *Id.* at

119 (quotation marks omitted); *see also United States v. Vlha*, 142 F.4th 1194, 1198–99 (9th Cir. 2025) (similar).

The collection of alien-related information required under Form 4473 does not meaningfully constrain the right guaranteed by the Second Amendment. In *United States v. Manney*, we held that the Second Amendment did not bar a conviction under 18 U.S.C. § 922(a)(6) for making false statements on Form 4473. 114 F.4th 1048, 1053 (9th Cir. 2024). We rejected the broad proposition that any law "inhibit[ing]" a person's "ability to acquire arms by regulating the purchase of firearms" violates the Second Amendment. *Id.* at 1052. Such a rule would mean that "even asking an individual to fill out the ATF 4473 form" would "come under [the] Second Amendment's plain text." *Id.* Rather, we concluded that the false-statements prohibition permissibly "regulates statements made by the individual purchasing a firearm to ensure that a purchaser is not lying to a firearms dealer about who is purchasing the firearm." *Id.* at 1053.

Here, similar to the prohibition on giving false statements on Form 4473, the form's request for information does not prohibit Craghtten from acquiring or possessing a firearm. He can readily obtain the alien-registration number needed to complete the form. The form merely collects information to "ensure that a purchaser" is eligible to purchase a firearm—in particular, to ensure that the purchaser is not unlawfully in the United States, *see* 18 U.S.C. § 922(d)(5), (g)(5)—

3                                                                    25-2117

and to facilitate the statutorily required background check. *See Manney*, 114 F.4th at 1053.

2.    The Jay Treaty. The requirement to provide an alien-registration number to obtain a firearm is consistent with the laws governing the immigration privileges of Canadian-born American Indians. Those privileges, originally created by Article III of the Jay Treaty of 1794, are codified in 8 U.S.C. § 1359. *See Akins v. Saxbe*, 380 F. Supp. 1210, 1214 (D. Me. 1974). This provision grants certain American Indians born in Canada only a "right to pass the border without an alien identification number." *See* 8 U.S.C. § 1359; *Akins*, 380 F. Supp at 1219. They have no bearing on the requirements to obtain a firearm in the United States. As the district court correctly concluded, requiring Canadian-born American Indians to obtain an alien-registration number to complete Form 4473 before purchasing a firearm is reconcilable with these laws, since such a requirement does not interfere with their right to pass the borders of the United States.

3.    18 U.S.C. § 922(d). Form 4473's alien-number requirement does not violate 18 U.S.C. § 922(d), which prohibits selling firearms to aliens illegally or unlawfully in the United States. Because non-citizens who are unlawfully in the United States are prohibited from purchasing a firearm under § 922(d)(5)(A), it is reasonable for non-citizens to be required to provide an alien registration number on Form 4473 to purchase a firearm. Such a requirement enables federal firearm

4

licensees to verify that non-citizen firearm purchasers are lawfully in the United States, and therefore eligible to possess a firearm under § 922. *See* 18 U.S.C § 921, *et. seq.*

**AFFIRMED.**